IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00965-BNB

ORLANDO E. MORA,

     Applicant,

v.

WARDEN BLAKE DAVIS,

     Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 3 0 2009

GREGORY C. LANGHAM
CLERK

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

_____

Applicant, Orlando E. Mora, is in the custody of the United States Bureau of

Prisons at the United States Penitentiary in Florence, Colorado.  Mr. Mora has filed **pro**

**se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The court

must construe the application liberally because Mr. Mora is not represented by an

attorney.  See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a

**pro se** litigant.  See **Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Mora

will be ordered to file an amended pleading.

The court has reviewed the application and finds that the claim Mr. Mora asserts

is not a habeas corpus claim.  "The essence of habeas corpus is an attack by a person

in custody upon the legality of that custody, and . . . the traditional function of the writ is

to secure release from illegal custody."  See **Preiser v. Rodriguez**, 411 U.S. 475, 484

(1973).  Mr. Mora is not challenging the validity of his conviction or the execution of his

sentence and he does not seek to be released. Instead, he challenges the conditions of his confinement. More specifically, Mr. Mora complains that prison officials have violated his First Amendment rights by preventing him from receiving soft cover books and newspapers from a source that was not identified as a publisher.

Generally, a prisoner's challenge to the conditions of his confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claim Mr. Mora raises in this action properly should be asserted in a civil rights action, he will be directed to file a Prisoner Complaint if he wishes to pursue his claim in this action.

Mr. Mora is reminded that he must allege specific facts in the Prisoner Complaint that demonstrate how each named Defendant personally participated in the asserted violation of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In order for Mr. Mora to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Finally, the court notes that Mr. Mora has paid the $5.00 filing fee for a habeas corpus action. However, because the court has determined that the claim Mr. Mora is raising is not a habeas corpus claim, the filing fee for this action is $350.00. *See* 28 U.S.C. § 1914(a). Mr. Mora is required to pay the entire $350.00 filing fee because he is a prisoner. *See* 28 U.S.C. § 1915(b)(1). Therefore, Mr. Mora will be ordered either to

pay the remaining $345.00 immediately or to file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and, if leave to proceed *in forma pauperis* is granted, make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full.  Accordingly, it is

ORDERED that Mr. Mora file **within thirty (30) days from the date of this order** an amended pleading that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Mora, together with a copy of this order, two copies of the following forms:  Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that, **within thirty (30) days from the date of this order**, Mr. Mora either pay the balance of the $350.00 filing fee or file a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  It is

FURTHER ORDERED that, if Mr. Mora fails within the time allowed to file an amended pleading as directed in this order and either to pay the balance of the $350.00 filing fee or to file a properly supported motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the action will be dismissed without further notice.

DATED April 30, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


**CERTIFICATE OF MAILING**


Civil Action No. 09-cv-00965-BNB

Orlando E. Mora
Reg. No. 06561-091
USP – Florence
PO Box 7000
Florence, CO 81226


      I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on_4/30/09___


GREGORY C. LANGHAM, CLERK


By:_____
                         Deputy Clerk